# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 12, 2006 Session

## STATE OF TENNESSEE v. MICHAEL SMALL

### Appeal from the Criminal Court for Shelby County
### No. 01-00926     Joseph B. Dailey, Judge

---

### No. W2003-02014-CCA-R3-CD  - Filed November 15, 2006

---

Following a jury trial, the Defendant, Michael Small, was convicted of two counts of aggravated robbery.  At the sentencing hearing, the trial judge ordered the Defendant to proceed pro se because he allegedly physically attacked his appointed trial counsel.  The trial court merged the two counts of aggravated robbery and sentenced the Defendant as a Range II, multiple offender to twenty years in the Department of Correction.  On appeal, the Defendant asserts that (1) his failure to file a motion for new trial should not constitute waiver of trial errors on appeal because he was wrongfully denied his right to counsel, (2) the trial court erred in allowing the appointed counsel to represent him during trial because the attorney-client relationship became "adversarial," (3) the trial court violated his right to counsel by requiring him to proceed pro se post-trial, and (4) the evidence is insufficient to support the jury's finding the Defendant guilty beyond a reasonable doubt of aggravated robbery. We conclude that the trial court did not make sufficient findings of fact to permit our review of whether the Defendant was properly required to proceed pro se.  Therefore, we remand to the trial court for further factual determinations regarding the alleged attack on the Defendant's trial counsel and any other pertinent information on the issue of whether the Defendant implicitly waived or forfeited his right to counsel.


### Tenn. R. App. P. 3 Appeal as of Right; Remanded to Trial Court

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

M.J. Werner, Memphis, Tennessee (on appeal) for the appellant, Michael Small.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On April 20, 2000, the Defendant was questioned by the Memphis Police Department regarding a robbery of a Texaco convenience store on April 13. The Defendant admitted to participating in the robbery and gave the following account of the crime. The Defendant stated that he and his accomplice entered a Texaco convenience store intending to commit robbery because the Defendant was "broke and wanted some crack." The Defendant said that, when they entered the Texaco store, his accomplice initially went to the beer cooler, retrieved a "quart of beer," and took the beer to the counter. The Defendant stated that the store clerk, later identified as Ms. Teresa Stevens, "had walked back by the beer cooler and was sweeping."

The Defendant then stated that his accomplice instructed him to "go on and do it," and so he "pulled the gun out of [his] pants and drew down on her." The Defendant stated that Ms. Stevens "started screaming and ran out of the store . . . across the street." The Defendant stated that he "ran out behind her," and then he and his accomplice "drove off." The Defendant told the police that he "didn't get nothing [sic]" from the robbery because "the lady ran out of the store." However, the Defendant admitted that his accomplice took "a hamburger and a foot-long hotdog."

The State further presented the store video surveillance tapes from the morning in question and the testimony of Ms. Stevens as evidence at trial, which corroborated the Defendant's account of the robbery. Along with providing a virtually identical account of the events of the robbery, Ms. Stevens testified that the men asked her where the sandwiches were kept in the store and that she pointed out the sandwich machine just before the Defendant held her at gun point. The video surveillance tapes showed the Defendant holding Ms. Stevens at gun point and the Defendant's accomplice taking items from the store.

### Procedural History

On January 30, 2001, the Defendant was indicted for two counts of aggravated robbery. Following a jury trial, the Defendant was convicted of both counts of aggravated robbery. At sentencing, the trial judge ordered the Defendant to proceed pro se because he allegedly "hit his attorney . . . in the face at least twice, knocking him to the ground, blooding [sic] his face." The trial judge merged the two counts of aggravated robbery and sentenced the Defendant as a Range II, multiple offender to twenty years in the Department of Correction. The Defendant did not file a motion for a new trial. This timely appeal followed.

### I. Right to Counsel

The Defendant first asserts that his failure to file a motion for new trial should not result in waiver of his claims of trial errors on appeal because he was improperly denied his right to counsel. The Defendant's second and principal claim is that he was denied his constitutional right to counsel

at his sentencing hearing. The trial court ruled that he had implicitly waived his right to counsel by physically attacking his appointed attorney, but the Defendant contends that he did not waive or forfeit his right to appointed counsel and that the trial judge erred by ordering him to proceed pro se in all post-trial proceedings.

Both the United States and Tennessee Constitutions guarantee an indigent criminal defendant the right to the assistance of appointed counsel at trial. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Generally, any waiver of the right to counsel must be voluntary, knowing, and intelligent. State v. Carruthers, 35 S.W.3d 516, 546 (Tenn. 2000). "Many courts, however, have recognized that the right to counsel is not a license to abuse the dignity of the courts or to frustrate orderly proceedings. Accordingly, [our supreme court has] acknowledged that, like other constitutional rights, the right to counsel can be implicitly waived or forfeited if a defendant manipulates, abuses, or utilizes that right to delay or disrupt a trial." Id. at 546-47 (footnotes and citations omitted). Implicit waiver may be found if "the trial court advises the defendant the right to counsel will be lost if the misconduct persists and generally explains the risks associated with self-representation." Id. at 549. Forfeiture of the right to counsel may be found if the defendant engages in conduct that is "sufficiently egregious" to constitute a forfeiture of counsel even if prior warnings were not given. Id. at 550.

In this case, the record is devoid of specific factual findings to conclude that the Defendant implicitly waived his right to counsel. At the sentencing hearing, the trial judge stated that the Defendant must represent himself because he "hit [his] lawyer in the mouth a couple of times and knocked him to the ground." Additionally, the trial court found that "no further appointment of counsel will occur" because a Defendant "cannot assault or attack an attorney and then claim a need for representation by other counsel." Other than the trial judge's statements, the record contains no evidence about the altercation between the Defendant and his trial counsel. While it is apparent that the trial judge had received information about a physical altercation between the Defendant and his attorney, neither the details of the information nor the manner in which it was communicated to the trial court are reflected in the record on appeal. Thus, the record before us does not support a finding that the Defendant implicitly waived or forfeited his right to counsel.

In Carruthers, the trial court made extensive findings regarding the defendant's pre-trial death threats to his four appointed attorneys and their staffs. 35 S.W.3d at 533-546. The Carruthers Court detailed these findings and relied upon them to determine whether the Defendant was previously warned about losing his right to counsel or whether the Defendant's conduct was "sufficiently egregious" to constitute an implicit waiver of the right to counsel. Id. at 546-552. In the present case, the trial court did not conduct a hearing on the record to make a proper determination of whether the Defendant had waived or forfeited his right to counsel.

While this Court certainly does not condone the physical assault of appointed counsel, and while this conduct may prove sufficiently egregious to constitute an implicit waiver or forfeiture of counsel upon further review, this Court must have an adequate record from which to review the trial court's decision. Therefore, we must remand for a hearing to ascertain what occurred in the altercation between the Defendant and his appointed trial counsel, as well as to ascertain any other

factual information relevant to the trial court's decision that the Defendant implicitly waived or forfeited his constitutional right to counsel. The Defendant must have the opportunity to be heard on this issue.

In our view, the issue of whether the Defendant was properly ordered to proceed pro se after the guilt phase of his trial should be further addressed by the trial court before appellate review of other issues. Upon remand, the trial court shall conduct an evidentiary hearing to determine whether the Defendant's actions warranted the determination that he had forfeited or implicitly waived his right to counsel.

If the trial court determines that the Defendant's right to counsel was violated, the trial court shall vacate the judgment of conviction and sentence, appoint the Defendant counsel, and proceed to a new sentencing hearing. After entry of a new judgment, the Defendant may file a timely motion for a new trial, and any appeal shall proceed in accordance with the Rules of Appellate Procedure.

If the trial court determines that the Defendant's right to counsel was not violated, the Defendant may appeal that decision as of right in accordance with the Rules of Appellate Procedure. In that event, the Defendant shall also be entitled to pursue on appeal other issues from his trial and sentencing, provided that such other issues are not deemed waived by the previous failure to have filed a motion for a new trial.

## Conclusion

For the foregoing reasons, we remand this case to the trial court for further proceedings on the issue of the implicit waiver or forfeiture of the Defendant's right to post-trial counsel.

_____
DAVID H. WELLES, JUDGE